## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

NORMAN CAIRNS, on behalf of himself
and others similarly situated,

      Plaintiff,

v.                              No. 1:23-cv-00695-JFR

AVIS BUDGET GROUP, INC. and
SEDGWICK CLAIMS MGMT SERVICES-
ABG RECOVERY US,

      Defendants.

## <u>ORDER FOR AMENDED COMPLAINT</u>

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Damages and Petition for Injunctive Relief, Doc. 1, filed August 20, 2023 ("Complaint").[1]  This action arises from a dispute regarding damages to a vehicle Plaintiff rented from Defendant Avis Budget Group, Inc.  Defendant Sedgwick Claims Mgmt. Services handled Defendant Avis' claim against Plaintiff.  Plaintiff asserts claims on behalf of himself and others similarly situated for fraud, extortion, interference with contract, intentional misrepresentation, violation of the Fair Debt Collection Practices Act, unjust enrichment and for injunctive relief.

The Court has an affirmative duty to ensure that this case "is resolved not only fairly, but also without undue cost or delay."  Fed. R. Civ. P. 1 advisory committee's note to 1993

---

[1]  The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee.  *See* Doc. 3, filed August 21, 2023.  Plaintiff has paid the filing fee.  *See* Doc. 4, filed August 21, 2023.  The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

amendment.  Plaintiff, as an attorney proceeding *pro se*, shares that responsibility.  *See* Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022) ("Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico*").

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The 71-page Complaint, which contains 191 paragraphs and 24 attachments in an additional 97 pages, is not a "short and plain statement" under Rule 8.  Plaintiff states: "All factual allegations are relevant to the Complaint and were necessary in order to tell a cognizable story."  Complaint at 2, n.1.  While the factual allegations may be relevant and necessary to tell a story, many of them are not necessary to state a claim.  Many of the allegations and footnotes appear to be facts in support of Plaintiff's claims, definitions and quotations of relevant law, quotations from the attachments, Plaintiff's arguments why Defendants had no reasons for some of their actions, Plaintiff's comments on his investigation and reasoning and a description of Plaintiff's employment and non-employment experience.  While some factual allegations are necessary to state a claim, it is not necessary to state all facts in support of each claim; disclosure of all facts Plaintiff may use to support his claims will occur during discovery.

Defendants cannot reasonably prepare responses because many of the allegations are not necessary to state a claim. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating "The sheer length of the

complaint [98 pages containing 547 paragraphs] makes it difficult to determine precisely what material facts support the various claims made" and "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.  72(a)).; Fed. R. Civ. P. 12(f) ("The court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter").   Instead of striking the unnecessary allegations, the Court orders Plaintiff to file an amended complaint which does not exceed 35 pages.

IT IS ORDERED that Plaintiff shall, within 21 days of entry of this Order, file an amended complaint not exceeding 35 pages.  Failure to timely file an amended complaint may result in dismissal of this case.

UNITED STATES MAGISTRATE JUDGE