# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

NORMAN CAIRNS, on behalf of himself
and others similarly situated,

       Plaintiff,

v.                                                          No. 1:23-cv-00695-DHU-KK

AVIS BUDGET GROUP, INC. and
SEDGWICK CLAIMS MGMT SERVICES-
ABG RECOVERY US,

       Defendants.

## ORDER OVERRULING OBJECTION AND
## DENYING MOTION FOR APPROVAL OF SETTLEMENT NEGOTIATIONS

This action arises from a dispute regarding damage to a vehicle Plaintiff rented from Defendant Avis Budget Group, Inc. Defendant Sedgwick Claims Mgmt. Services handled Defendant Avis' claim against Plaintiff. Plaintiff, who is proceeding *pro se* and is a licensed attorney authorized to practice before this Court, asserts claims on behalf of himself and others similarly situated for fraud, extortion, interference with contract, intentional misrepresentation, violation of the Fair Debt Collection Practices Act, unjust enrichment and for injunctive relief. *See* Complaint for Damages and Petition for Injunctive Relief, Doc. 1, filed August 20, 2023 ("Complaint"). The 71-page Complaint contains over 400 paragraphs and has 28 attachments in an additional 97 pages.

After notifying Plaintiff that (i) the Court and Plaintiff have an affirmative duty to ensure that this case is resolved not only fairly, but also without undue cost or delay, (ii) the Complaint is not a "short and plain statement" under Rule 8, (iii) many of the allegations are not necessary to state a claim, and (iv) disclosure of all facts Plaintiff may use to support his claims will occur

during discovery, United States Magistrate Judge John F. Robbenhaar ordered Plaintiff to file an amended complaint which does not exceed 35 pages. *See* Doc. 5, filed August 25, 2023 (quoting *Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating "The sheer length of the complaint [98 pages containing 547 paragraphs] makes it difficult to determine precisely what material facts support the various claims made" and "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a))).

Plaintiff filed an Objection to Judge Robbenhaar's Order. *See* Plaintiff's Objection to the Magistrate's Order and Request for Court Approval of Settlement Negotiations Pursuant to Rule 23, Doc. 6, filed September 8, 2023 ("Objection").

**Objection**

Plaintiff objects to Judge Robbenhaar's Order to file an amended complaint not exceeding 35 pages on the grounds that a 35-page complaint will not contain sufficient factual allegations to survive a motion to dismiss for failure to state a claim or a motion to dismiss for lack of subject-matter jurisdiction. *See* Objection at 8-10.

The Court overrules Plaintiff's Objection. Plaintiff has filed an Amended Complaint "under protest, pending an objection from the Plaintiff." Doc. 8 at 1, n.1, filed September 12, 2023. If either Defendant files a motion to dismiss on the grounds that the Amended Complaint fails to state a claim or for lack of subject-matter jurisdiction, Plaintiff may file a second amended complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires").

Plaintiff notes that the docket shows Judge Robbenhaar has been assigned for a 28 U.S.C. § 1915 review. Plaintiff states he is not a prison inmate, he is not proceeding *in forma pauperis*, he paid the filing fees, his "Class Action is lost in the morass of *in forma pauperis/pro se*

2

pleadings" and by transferring this case "to the *in forma pauperis, pro se* docket, the Court subjected Plaintiff's lawsuit to the unbridled discretion and caprices of Judge Robbenhaar." Objection at 3-4. Plaintiff also states: "Judge Robbenhaar is the **only** judge assigned to the case. The Plaintiff has no rights pursuant to 28 U.S.C. § 636 to appeal from the magistrate." Objection at 4 (emphasis in original).

Plaintiff mischaracterizes these proceedings. Judge Robbenhaar did not conduct a review of the Complaint pursuant to 28 U.S.C. § 1915. Judge Robbenhaar's Order clearly indicates that "Plaintiff has paid the filing fee" and that Judge Robbenhaar "reviewed the Complaint pursuant to the Court's inherent power to manage its docket." Order at 1, n.1. This case was not transferred "to the *in forma pauperis, pro se* docket." There is no *in forma pauperis, pro se* docket. The Court handles cases with *pro se* parties and plaintiffs proceeding *in forma pauperis* in the same manner as other civil cases which is by following the Federal Rules of Civil Procedure and Tenth Circuit precedent. *See Oklahoma Radio Assoc. v. Federal Deposit Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute"). Consequently, Plaintiff's statement that he has no right to object to Judge Robbenhaar's Order because a District Judge was not immediately assigned to this case upon case opening is without merit.

**Request for Court Approval of Settlement Negotiation Pursuant to Rule 23**

The Amended Complaint requests that the Court certify this action as a class action and appoint Plaintiff as Class Counsel pursuant to Rule 23. *See* Amended Complaint at 34. Plaintiff now asks the Court for permission to engage in settlement negotiations pursuant to Rule 23(e) which states:

> The claims, issues, or defenses of a certified class--or a class proposed to be certified for purposes of settlement--may be settled, voluntarily dismissed, or compromised only with the court's approval. . . .

Fed, R. Civ. P. 23(e).

3

Plaintiff states that within a week of receiving Judge Robbenhaar's Order, Plaintiff "engaged in settlement negotiations on behalf of the Classes" at a local law firm "where corporate attorneys for [Defendants] were." Objection at 13.

> Were it not for the [sic] Judge Robbenhaar's order, the Plaintiff would not have engaged in settlement negotiations on behalf of the Classes; Plaintiff would have thought he had no basis to engage in negotiations. The negotiations have, thus far, produced no result. The parties are negotiating in good faith.
> . . . .
> Plaintiff concludes the Class action will likely not reach the discovery stage. For that reason, Plaintiff engaged in direct settlement negotiations on behalf of the Classes to salvage something for the Classes. The Plaintiff will not allow damage to the Classes and will not expose himself to personal liability in the interest of niceties, formalities, conventions and most of all in the interests of a "friendly relationship" with the Court. Plaintiff allegiances are to the Classes and to none other. Plaintiff is an officer of the Court and will conduct himself in an appropriate manner, but Plaintiff has no allegiance to the Court.
>
> The Plaintiff requests the Court's permission and approval to engage in settlement negotiations pursuant to Rule 23(e). There had been no settlement negotiations between Classes and the Defendants prior to the Court's Order; the Plaintiff felt he had no basis to engage in settlement negotiations. Magistrate Judge Robbenhaar's Order was the green light. The undersigned initiated settlement talks as his chances of success dwindled.

Objection at 13, 15-16.

The Court denies Plaintiff's request to approve settlement talks pursuant to Rule 23(e). The Court has not certified any of the classes identified in the Amended Complaint and has not appointed Plaintiff as class counsel. Furthermore, counsel for Defendants have not yet entered an appearance in this case and have not filed a response to Plaintiff's request for Court-approval of settlement talks. *See Alejandre-Gallegos v. Holder*, 598 Fed.Appx. 604, 605 (10th Cir. 2015) ("In our adversarial system, neutral and busy courts rely on lawyers to develop and present in an intelligible format the facts and law to support their arguments and the adversarial process cannot properly function when one party ignores its obligations under the rules").

**Motion to Withdraw**

Plaintiff attached a Motion to Withdraw to his Objection stating:

4

> Attorney Norman W. Cairns moves this Court to withdraw his membership from the Bar of the United States District Court for the District of New Mexico. As grounds for the motion, the Attorney states that he [no] longer wishes to be a member of the Bar. As further grounds, the Attorney cites Plaintiff's Objection to the Magistrate's Order and Request for Settlement Authority, filed in 23-CV-695-JFR.
>
> Wherefore, Attorney Norman W. Cairns requests the Court remove him from the Bar of the United States District court upon completion of all matters associated with 23-CV-695-JFR.

Doc. 6-1, filed September 8, 2023.

The Court denies Plaintiff's Motion to Withdraw without prejudice as premature. Plaintiff may refile his Motion to Withdraw upon the completion of proceedings in this case.

**IT IS ORDERED** that:

(i) Plaintiff's Objection to the Magistrate's Order, Doc. 6, filed September 8, 2023, is **OVERRULED.**

(ii) Plaintiff's Request for Court Approval of Settlement Negotiations Pursuant to Rule 23, Doc. 6, filed September 8, 2023, is **DENIED without prejudice.**

(iii) Attorney Norman W. Cairns' Motion to Withdraw, Doc. 6-1, filed September 8, 2023, is **DENIED without prejudice.**

_____
**DAVID HERRERA URIAS**
**UNITED STATES DISTRICT JUDGE**